Filed 11/14/24  In re J.C. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

In re J.C., et al., Persons Coming Under the Juvenile Court Law.

|  |  |
|---|---|
| SAN BERNARDINO COUNTY CHILDREN AND FAMILY SERVICES,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>M.C.,<br><br>    Defendant and Appellant. | E084192<br><br>(Super.Ct.Nos. J294794 & J294795)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Annemarie G. Pace, Judge.  Conditionally reversed and remanded with directions.

Emily Uhre, under appointment by the Court of Appeal, for Defendant and Appellant.

Tom Bunton, County Counsel, and Kristina M. Robb, Deputy County Counsel, for Plaintiff and Respondent.

1

A mother appeals from orders terminating parental rights over her minor children. She argues the county welfare department (the department) made an inadequate inquiry into her children's possible Indian ancestry under the California Indian Child Welfare Act (ICWA or Cal-ICWA), as the department only contacted one paternal relative where the father was deceased.[1] We agree and therefore conditionally reverse and remand with directions.

BACKGROUND

Defendant and appellant M.C. is the mother of three children, two of whom are the subjects of this dependency: J.C. (born 2015) and A.C. (born 2014).

In October 2022, police went to check on mother and children, and when they did so mother attempted to flee with the children across a freeway. Police stopped mother before she entered traffic and evaluated her for possible detention under section 5150, though they ultimately concluded she did not meet the criteria. Four days later, the department filed section 300 petitions alleging J.C. and A.C. came under subdivisions (a) and (b)(1) because they were at risk of serious physical harm and mother had failed to protect them due to her inability to supervise them and domestic violence concerns. Both petitions alleged that mother gave the department no reason to believe either child was an Indian child. Before October 25, 2022, the children were removed from mother via warrant.

_____

[1] Undesignated statutory references are to the Welfare and Institutions Code. "In addition, because ICWA uses the term 'Indian,' we do the same for consistency, even though we recognize that other terms, such as 'Native American' or 'indigenous,' are preferred by many." (*In re Benjamin M.* (2021) 70 Cal.App.5th 735, 739, fn. 1.)

Later the same month, mother completed a "Family Find and ICWA Inquiry" form indicating she did not have any Indian ancestry. She also completed a "Parental Notification of Indian Status" form indicating that no "Indian Status" applied to her or her children. Mother told the court she did not have any Indian ancestry when she appeared for the detention hearing, and that father had died while living in New York. The court ordered her to provide contact information for her relatives and "any other people who would have information about yours or the children's ancestry." The court then detained the children.

The department interviewed maternal grandmother and a maternal aunt, both of whom denied any Indian ancestry. The department also spoke to maternal grandfather once, who denied any Indian ancestry. The only paternal relative the department identified, let alone contacted, was paternal grandmother, who denied any Indian ancestry.[2] Maternal grandmother and maternal aunt both reported they had no contact with any paternal relatives. The record does not establish that the department asked anybody—including paternal grandmother or mother—for information about additional paternal relatives.

Reunification efforts were unsuccessful, and the court held a section 366.26 hearing on March 6, 2024. The court concluded the department had fulfilled its duty of initial inquiry under ICWA, that there were no more relatives it needed to contact, and

_____

[2] There is some disagreement over whether the woman the department identified as paternal grandmother was father's mother. Because we conclude the department's inquiry was insufficient even if the woman identified as paternal grandmother was father's mother, we need not resolve this factual dispute.

that ICWA did not apply to the children.  It then continued the hearing until May 2024, when it terminated mother's parental rights.

ANALYSIS

ICWA establishes minimum national standards "for the removal of Indian children from their families and the placement of such children in foster or adoptive homes which will reflect the unique values of Indian culture."  (25 U.S.C. § 1902.)  Under California law, the trial court and county welfare department have "an affirmative and continuing duty to inquire" whether a child subject to a section 300 petition may be an Indian child.  (§ 224.2, subd. (a); see *In re D.F.* (2020) 55 Cal.App.5th 558, 566 (*D.F.*).)  "This continuing duty can be divided into three phases:  the initial duty to inquire, the duty of further inquiry, and the duty to provide formal ICWA notice."  (*D.F.*, at p. 566.)  Only the initial duty is at issue in this appeal.

The initial duty applies in every dependency.  (*In re J.S.* (2021) 62 Cal.App.5th 678, 686; see § 224.2, subd. (b)(1).)  The initial duty expands under subdivision (b)(2) of section 224.2, when a child is removed from their home.  Under that provision, if a child is taken into custody, the department's obligation "includes, but is not limited to, asking the child, parents, legal guardian, Indian custodian, extended family members, others who have an interest in the child, and the party reporting child abuse or neglect, whether the child is, or may be, an Indian child and where the child, the parents, or Indian custodian is domiciled."  (§ 224.2, subd. (b)(2).)

Effective September 2024, Assembly Bill No. 81 (2023-2024 Reg. Sess.) (Stats. 2024, ch.656) amended section 224.2 to clarify that this duty applies whenever "a child is placed into the temporary custody of a county probation department pursuant to Section 307, or received and maintained in temporary custody of a county welfare department pursuant to paragraph (1) of subdivision (a) of Section 306, or taken into or maintained in the temporary custody of a county welfare department pursuant to paragraph (2) of subdivision (a) of Section 306, or if they were initially taken into protective custody pursuant to a warrant described in Section 340." (§ 224.2, subd. (b)(2); Assem. Bill No. 81 (2023-2024 Reg. Sess.); see, e.g., Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Assem. Bill No. 81 (2023-2024 Reg. Sess.) as amended Aug. 19, 2024, p. 5 [the bill "[c]larifies the timing, duration, and scope of a county department's, and a court's, duty to inquire whether a child is or may be an Indian child"].) That clarification applies to ICWA inquiries and findings that predated the enactment of Assembly Bill No. 81. (See *Carter v. California Dept. of Veterans Affairs* (2006) 38 Cal.4th 914, 922 ["A statute that merely clarifies, rather than changes, existing law is properly applied to transactions predating its enactment."].)[3]

"[T]he juvenile court's fact-specific determination that an inquiry is adequate, proper, and duly diligent is 'a quintessentially discretionary function' [citation] subject to a deferential standard of review." (*In re Dezi C.* (2024) 16 Cal.5th 1112, 1141 (*Dezi C.*).) Therefore, if "a juvenile court's findings that an inquiry was adequate and proper and

---

**3** We are not persuaded by the Department's arguments implicitly treating Assembly Bill No. 81 as a change to existing law, rather than a clarification.

ICWA does not apply are found to be supported by sufficient evidence and record documentation as required by California law [citation], there is no error and conditional reversal would not be warranted even if the agency did not inquire of everyone who has an interest in the child." (*Ibid.*) This rule only applies, however, when there is a well-developed record, and " ' "the less developed the record, the more limited that discretion necessarily becomes." ' " (*Ibid*.) "If a child welfare agency fails to obtain meaningful information or pursue meaningful avenues of inquiry—by, for example, failing to discover that a parent was adopted, or failing to inquire further after a parent identified an extended family member with more information about the child's potential Indian ancestry—those facts would be relevant to whether the initial Cal-ICWA inquiry is adequate." (*Id*. at p. 1151.)

Here, we are not reviewing a fact that comes through a trial court's resolution of an evidentiary conflict, but the trial court's finding that the department's "inquiry and due diligence were 'proper and adequate.' " (*Dezi C*., *supra*, 16 Cal.5th at p. 1134.) We are thus "not concerned with the outcome" (*id*. at p. 1144) as to the likelihood of whether the child is Indian and do not limit our review to "[e]nforcing the requirement of an adequate inquiry only in cases in which the record affirmatively demonstrates a reason to believe the child is an Indian child." (*Id*. at p. 1147.) Instead, we are "ensuring that tribal heritage is acknowledged and inquired about in dependency cases." (*Id*. at p. 1148.) This mission requires that we engage in a searching review to protect compelling and

legally protected tribal interests. (See *id.* at p. 1147.) Yet the deferential standard requires that we not find error just because the inquiry was not flawless.

Finally, if our review reveals "error resulting in an inadequate initial Cal-ICWA inquiry," then we must order "conditional reversal with directions for the child welfare agency to comply with the inquiry requirement of section 224.2, document its inquiry in compliance with [California Rules of Court], rule 5.481(a)(5), and when necessary, comply with the notice provision of section 224.3." (*Dezi C.*, *supra*, 16 Cal.5th at p. 1136.)

We conclude the trial court's finding, that the department's ICWA inquiry was adequate such that ICWA did not apply, is not supported by substantial evidence. Though the department did speak to extended relatives on both sides—both maternal grandparents, paternal grandmother, and a maternal aunt—its inquiry into the paternal side was insufficient. Father was deceased and therefore not available. Although the department asked paternal grandmother about the child's ancestry, there is no record of it asking her for information about any other paternal relatives who might have information. The department's duty to inquire does not stop at asking a single relative about possible Indian ancestry: "a social services agency has the obligation to make a meaningful effort to locate and interview extended family members to obtain whatever information they may have as to the child's possible Indian status." (*In re K.R.* (2018) 20 Cal.App.5th 701, 709.) We cannot say the department made a meaningful effort to locate and interview paternal relatives when it stopped at locating and contacting the paternal

7

grandmother, without making any record of whether it asked her about additional paternal relatives who might have information. Though "ICWA does not obligate the court or [the department] 'to cast about' for investigative leads," it also does not allow the department to escape its duty of inquiry by simply failing to investigate. (*In re A.M.* (2020) 47 Cal.App.5th 303, 323, disapproved on other grounds in *Dezi C.*, *supra*, 16 Cal.5th at p. 1152, fn. 18.)

Accordingly, we conditionally reverse the trial court's order terminating mother's parental rights.

DISPOSITION

We conditionally reverse the order terminating mother's parental rights. We remand the matter to the juvenile court with directions to comply with the inquiry provisions of ICWA and of sections 224.2 and 224.3—and, if applicable, the notice provisions as well—consistent with this opinion. If, after completing the initial inquiry, neither the department nor the court has reason to know that the children are Indian children, then the court shall reinstate the order terminating parental rights. If the department has reason to know the children are Indian children, the court shall proceed accordingly.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL_____
J.

We concur:


CODRIGNTON_____
Acting P. J.

FIELDS_____
J.

9